UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No.  3:12-CR-48 JD |
| ) | |
| THOMAS G. KOUTTOULAS (01) ) | |
| THOMAS GREGORY  ) | |
|     PUBLICATIONS INC. (02) ) | |

## PETITION TO ENTER A GUILTY PLEA

The defendants above named respectfully represents to the Court as follows:

1. My true name is Thomas G. Kouttoulas and I request that all proceedings against me be had in the name which I here declare to be my true name.

2. Thomas G. Kouttoulas was born in the United States of America.  Thomas G. Kouttoulas has attended school and has the ability to read, write and speak the English language.

3. The defendants are represented by counsel and counsel is R. Steven Bom.

4. The defendants have received a copy of the Indictment and have read and discussed it with my lawyer, and believe and feel that I understand every accusation made against me in this case.

5. I (Thomas G. Kouttoulas) have told my lawyer the facts and surrounding circumstances as known to me concerning the matters mentioned in the Information and believe and feel that my lawyer is fully informed as to all such matters.  My lawyer has since informed me and has counseled and advised with me as to the nature and cause of every accusation against

me and as to any possible defenses I might have in this case.

      6.      I understand that I am entitled to have all of my rights which may be involved in this matter explained to me, and that I have the right to have any questions I may have answered for me.

      7.      I understand that I have a right to plead NOT GUILTY to any offense charged against me, and that under a plea of NOT GUILTY the Constitution guarantees me:

      (a)      the right to a speedy and public trial by a twelve-person jury of my peers, selected according to law, in the Northern District of Indiana which must return a unanimous verdict of GUILTY before I can be convicted;

      (b)      the right to be released on reasonable bail until my trial occurs;

      (c)      the right to see, hear and cross-examine all the witnesses against me at my trial;

      (d)      the right to use the power and process of the Court to compel the production of any evidence, including the attendance of any witnesses, in my favor at my trial;

      (e)      the right to the assistance of counsel at every stage of the proceedings, including upon an appeal if need be;

      (f)      the right not to testify without prejudice; and,

      (g)      that in the event that I should be found GUILTY of the charge against me, I would have the right to appeal my conviction on such charge to a higher court.

      8.      I understand, also, that if I plead GUILTY, I waive the right to trial by jury in any and all proceedings in this case and all of the other rights mentioned above.

      9.      Notwithstanding the above, I have, with the assistance of counsel, entered into an agreement with the United States Attorney's Office for the Northern District of Indiana as

follows:

    (a)    I and the corporation that I control agree to plead guilty to the Count 2 of the Indictment, which charges the two defendants with wire fraud in violation of Section 1343 of Title 18, United States Code.  We agree to plead guilty to this charge because we are in fact guilty of this offense.  The government will dismiss the remaining counts of the Indictment at the time of sentencing in this matter;

    (b)    The defendants agree that all of the following statements are true:

Thomas G. Kouttoulas has been and is the owner of a company named Thomas Gregory Publications, Inc. (TGP).  TGP was in the business of producing county plat books and maps.  In addition, TGP sold advertising to businesses that would appear in plat books and plat maps as well as the books and maps themselves.  TGP operated out of La Porte, Indiana.  TGP salesmen sold its products in numerous states including but not limited to Indiana, Illinois, Ohio, Wisconsin, Michigan, Alabama, Minnesota, Pennsylvania, and Florida.

From at least 2007 through 2011, Kouttoulas through TGP and its agents knowingly sold plat books, plat maps, and advertising to a large volume of clients while knowing that they would not provide the products paid for by customers.  Sales persons on behalf of Kouttoulas and TGP sold and promised plat books, plat wall maps, and advertisements in plat books/maps to various individuals, businesses and organizations.  These victims would most often pay up front.  In most instances, Kouttoulas and TGP never provided any plat books, maps or advertising at all to victims.  In some instances, Kouttoulas and TGP took old plat books prepared and prepared by other companies, copied them, and passed them off as new plat books for the county areas promised.  Rockford Map Publishers (RMP) was familiar with Kouttoulas'/TGP's scheme.  RMP successfully sued TGP in 2010 in the Northern District of Illinois for copyright infringement.  RMP was able to prove that TGP had in fact copied RMP's plat book for Ford County, Illinois and a consent decree in favor of RMP against Kouttoulas and TGP was entered in April 2011.

Examples of victims include the following.  Besse Forest Products Group (Besse) in northern Michigan purchased approximately $13,300.00 worth of advertising and plat books from TGP through a sales person as evidenced in a purchase order dated December 16, 2009.  TGP was supposed to produce a half-page ad for Besse in plat books for approximately eighteen different counties.  Besse received plat books for only one county.  The plat book actually received was a photocopy of an old plat book.  When Besse representatives would contact TGP to inquire about their products, a TGP representative would tell KL that the plat books were in the works.

3

JK & Sons, Inc., a farming operation in Wheatfield, Indiana, purchased advertising in plat books as well as the books from a TGP salesman. JK & Sons, Inc. paid $760.00 to TGP for the products. JK & Sons, Inc. did not receive the promised products by the promised time. After repeated calls to TGP, JK & Sons, Inc. received a box of plat books for one of the two counties for which JK & Sons, Inc. had purchased ads and books. The plat books received appeared were copies of an old plat book.

A farmer in Kouts, Indiana purchased $2,525.00 of advertising, plat books, and wall maps from TGP through a salesman in August 2010. The products were purchased for six different counties. Proofs of the ad purchased were provided to the farmer in February of 2011. The farmer called TGP both approximately two months and one year after the purchase to inquire about the products purchased. Each time a TGP representative would tell him that they were working on it, but were just not done yet. The farmer never received any of the product purchased from TGP.

An insurance agency in Jamestown, Ohio purchased $4,000.00 worth of advertising in plat books for fourteen different counties from TGP in May 2009. The TGP salesman promised the victim agency eight free plat books for each county the agency purchased advertising for. The agency received his plat books for two of the fourteen counties after waiting six months. The agency never received anything else from TGP. The owner of the agency called TGP several times, but nobody would answer the telephone. The owner of the agency left messages with TGP, but never received a return call from TGP.

In approximately January 2009, a salesman from TGP approached the Butler County Soil and Water Conservation District (BCSW) in Greenville, Alabama. TGP wanted BCSW to sell Butler County plat books which would be produced by TGP. In April of 2009, Kouttoulas and two other TGP agents attended the monthly BCSW Board meeting. The three of them proposed that BCSW could be the sponsor of the new Butler County plat book. They proposed that BCSW could buy the plat books for twenty dollars and sell them for forty dollars. BCSW agreed to be the sponsor and sell 200 plat books on consignment. BCSW would remit twenty dollars to TGP for each plat book sold. Kouttoulas promised a ninety day turnaround on the plat books. BCSW never received any plat books from TGP.

Prior to June 2009, Kouttoulas approached Cullman County Soil and Water (CSW) in Cullman, Alabama. Kouttoulas asked that CSW sponsor a new Cullman County plat book that would be produced by TGP. Thereafter, another salesman from TGP approached CSW. The TGP salesman proposed that TGP could sell Cullman County plat books to CSW, who could, in turn, re-sell them at a profit. CSW purchased 200 Cullman County plat books from TGP through MK. In June 2009, CSW paid TGP $3,000.00 for the plat books. CSW received one plat book to review for accuracy. The book appeared to be a copy of an old plat book. This turned out to be the only plat book

ever received by CSW from TGP.  CSW contacted TGP via telephone numerous times and by way of letter on one occasion in response to not receiving the product CSW had paid for.  TGP representatives would only give excuses why the plat books had not been received.  In their letter, CSW requested their money back from Kouttoulas.  Nothing was ever received.

In August 2009, a TGP salesman sold advertising to the Cooperative Elevator Company (CEC) of Pigeon, Michigan that was to be published by TGP in plat books for Sanilac, Huron and Tuscola counties.  In late August 2009, CEC paid $2500 for this advertising in advance.  In addition to half-page advertisements in each of the plat books for the three counties, TGP promised that CEC would receive 10 free plat books for each of the three counties.  TGP, using an interstate (Indiana to Michigan) wire, emailed CEC on March 5, 2010.  In that email, TGP in furtherance of the fraud promised that the plat books would be a 2010 edition and that CEC would receive 10 free plat books for the three counties.  CEC has not received anything from Kouttoulas or TGP.  This specific wire transmission comprises only a part of the fraud scheme by Kouttoulas and TGP.

(c)     I understand that the maximum penalties for a violation of Title 18, United States Code, Section 1343 as charged in the Information are:  20 years imprisonment, a $250,000 fine, three years supervised release, and a $100 special assessment which is mandatory.  I will also be required to pay full restitution in this case.

(d)     I understand that the offense to which I am pleading guilty may fall under the Sentencing Guidelines promulgated by the United States Sentencing Commission under Title 28, United States Code, Section 994.  I am aware that my sentence will be determined in accordance with the United States Sentencing Guidelines and this plea agreement.  I agree that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement.  With that understanding, I expressly waive my right to appeal my conviction, my sentence and any restitution order to any Court on any ground, including any claim of ineffective assistance of counsel.  I also agree not to contest my conviction, my sentence, any restitution order imposed, or the manner in which my conviction, the sentence or the restitution order was determined or imposed on any ground including any alleged ineffective assistance of counsel in any appeal under Title 18, United States Code, Section 3742 or in any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255;

(e)     I understand that the Court, based upon input from me, my attorney, and the government as well as an investigation by the United States Probation Office, will determine the guideline range to be applied at my sentencing;

(f)     I (Thomas G. Kouttoulas) will discuss fully, truthfully, and candidly my knowledge of all criminal activities with representatives of the United States Attorney's

Office for the Northern District of Indiana and any other law enforcement agency if requested to do so by the United States Attorney's Office for the Northern District of Indiana;

If requested to do so by the United States Attorney's Office for the Northern District of Indiana, I will testify truthfully, candidly, and completely in grand jury proceedings in the Northern District of Indiana and elsewhere. Also, if requested to do so, I will testify truthfully, candidly and completely in any trials or other judicial proceedings;

In addition, I will provide to the United States Attorney's Office for the Northern District of Indiana such corroboration as I possess or is under my control;

(g)     My agreement with the United States Attorney's Office for the Northern District of Indiana has been entered into with the understanding that I have been and will continue to be honest, candid, and truthful in my cooperation. If the United States Attorney's Office for the Northern District of Indiana later determines that I have not been honest, candid or truthful, they can petition the Court to declare this agreement to be null and void;

(h)     The defendants agree to forfeit to the United States the following that constitute the proceeds of the defendants' wire/mail fraud: a money judgment in the amount of the loss suffered by victims. The defendant agrees to execute any necessary documentation for the completion of the forfeiture;

(i)     The defendants further agree to pay the special assessments that they owe at the time of the sentencing in this matter;

(j)     The government agrees that in recognition of the defendant's acceptance of responsibility for her offense conduct, he is entitled to a reduction in the offense level under Guideline § 3E1.1(a); however, the government's obligation to recommend an acceptance of responsibility reduction under this plea agreement is contingent upon my continuing manifestation of acceptance of responsibility. Should I deny my involvement, give conflicting statements of my involvement, falsely deny relevant conduct, or engage in additional criminal conduct including any personal use of controlled substances, the government shall not be bound to recommend any reduction in offense level for acceptance of responsibility. The defendant understands that the government's recommendation in this respect is a non-binding recommendation and that the Court makes the final decision whether to reduce the defendant's offense level at all and to what extent for acceptance of responsibility. The government agrees that it will make an appropriate motion for a third level of acceptance of responsibility reduction indicating timely acceptance of responsibility as long as the defendant continues to manifest full and complete acceptance of responsibility through the date of his sentencing and a signed plea

agreement is provided to the government by Monday June 11, 2012;

(k) The defendants agree that the amount of loss in this matter is in excess of $400,000 and that the number of victims numbers more than 100. The United States and the defendant agree to jointly recommend that the Court impose a sentence of 41 months imprisonment. This is a non-binding recommendation;

(l) The defendants agree that they should be ordered to pay full restitution to all victims in this matter;

(m) The defendant hereby waives all rights, whether asserted directly or through a representative, to request or receive from the United States any further records, reports, or documents pertaining to the investigation or prosecution of this matter. This waiver includes, but is not limited to, rights conferred by the Freedom of Information Act and the Privacy Act of 1974;

(n) Other than what is contained in this plea agreement, no predictions, promises, or representations have been made to me as to the specific sentence that will be imposed or any other matter.

10. I am prepared to state to the Court my reasons based on the facts in this matter that cause me to believe that I am GUILTY as charged.

11. I believe and feel that my lawyer has done all that anyone could do to counsel and assist me, and that I now understand the proceedings in this case against me.

12. I declare that I offer my plea of GUILTY freely and voluntarily and of my own accord, and no promises have been made to me other than those contained in this petition, nor have I been threatened in any way by anyone to cause me to plead GUILTY in accordance with this petition.

13. I understand and acknowledge that this petition, once filed with the Court, is a public document and available for public viewing.

        s/ Thomas G. Kouttoulas
        Thomas G. Kouttoulas
        Defendant

        s/ Thomas Gregory Publications, Inc.
        Thomas Gregory Publications, Inc.
          By: Thomas G. Kouttoulas
          Owner and President of
          Thomas Gregory Publications, Inc., Defendant.

        s/ R. Steven Bom
        R. Steven Bom
        Attorney for Defendants

APPROVED:

    DAVID CAPP
    UNITED STATES ATTORNEY

    s/ Donald J. Schmid
By: _____
    Donald J. Schmid
    Assistant United States Attorney